**Gerald SMITH, Appellee,**

v.

**William ARMONTROUT, Appellant.**

No. 87–2008.

United States Court of Appeals, Eighth Circuit.

Submitted July 27, 1987.

Decided Aug. 3, 1987.

Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, Mo., for appellant.

No attorney was appointed to represent the appellee in this case.

Before ARNOLD, JOHN R. GIBSON and FAGG, Circuit Judges.

ARNOLD, Circuit Judge.

This case comes before us on motion of William Armontrout, Warden of the Missouri State Penitentiary, to vacate a stay of the execution of a sentence of death. The stay was granted by the District Court.[1] We denied the motion to vacate by order entered on the afternoon of July 27, 1987. The purpose of this opinion is to explain our reasons.

The appellee, Gerald Smith, is presently confined on death row at the Missouri State Penitentiary. He is under a sentence of death imposed by the Circuit Court of the City of St. Louis, Missouri, for the offense of capital murder. On July 8, 1987, the Supreme Court of Missouri issued its warrant of execution directing that Smith be put to death by the administration of lethal gas on July 28, 1987. Thereafter, Smith filed a petition for federal habeas corpus in the court below, together with a motion for stay of execution. The District Court granted this motion on July 22, 1987, "pending [its] determination of Petitioner's federal writ of habeas corpus." The District Court's order further provided "that the proceeding in this case be held in abeyance until Petitioner has had a chance to exhaust his remedies in state court."

The respondent warden then asked the District Court to reconsider its stay. As to exhaustion of remedies, respondent expressly "waive[d] the statutory exhaustion requirement of 28 U.S.C. § 2254(b), (c)." Motion to Vacate Stay of Execution, pp. 1–2, filed in *Gerald Smith v. William Armontrout*, No. 87–4336–CV–C–5 (W.D.Mo., filed July 22, 1987). Respondent further argued that federal habeas corpus review of petitioner's conviction was barred on the

ground that Smith had knowingly and intelligently waived his right to seek any such review.

On July 23, 1987, the District Court denied respondent's motion to vacate the stay it had previously entered. The present motion to vacate, addressed to this Court, followed.

The motion is denied. We accept respondent's waiver of the exhaustion requirement. Whether Smith has knowingly or intelligently waived his right to federal habeas review, however, is an issue that remains to be litigated. Respondent relies on the opinion of this Court in *Smith v. Armontrout*, 812 F.2d 1050 (8th Cir.1987), *cert. denied,* — U.S. ——, 107 S.Ct. 3277, 97 L.Ed.2d 781 (1987), claiming that we have already held that Smith knowingly and intelligently waived all of his rights to seek review of his conviction. The District Court did not so read our opinion in *Smith,* and neither do we. *Smith* holds that petitioner is competent to forego further review of his conviction and death sentence. It also holds that his decision (later changed) not to contest his conviction or sentence was voluntary, in the sense that it was not coerced by the State. While *Smith* was pending before this Court, petitioner informed us that he had changed his mind, and that in fact he did wish to pursue his federal remedies. Our holding was limited to the issues of competence and voluntariness; we did not decide, nor do we now decide, whether Smith's statement, at a previous stage of the case, that he wished to forego all remedies, is a legal bar to a federal habeas proceeding. That issue should be litigated and decided in due course by the District Court, with an appeal as of right to this Court by the losing party, whoever it may be.

In short, there is now pending a federal habeas proceeding in the District Court challenging Smith's conviction and death sentence. This is the first federal habeas proceeding Smith has filed. Thus, there is

---

1. The Hon. Scott O. Wright, Chief Judge, United States District Court for the Western District of Missouri.

no question of abuse of the writ. Sentences of death should ordinarily be stayed until after federal collateral review has been completed. The District Court did not err in granting the stay, and we decline to disturb its action.[2]

█ Another matter deserves comment. On July 27, 1987, shortly after the respondent's motion to vacate the stay was received by this panel, the Clerk of this Court was informed that respondent had moved petitioner from his cell on death row to a special holding area, that preparations were being made for petitioner's execution, and that the state intended to carry out the sentence promptly at 12:01 a.m. on Tuesday, July 28, 1987, if the motion to vacate the stay should be granted. We emphatically disapprove of this practice while an order of court staying petitioner's execution is in full force and effect, and direct that it not recur. If petitioner's habeas petition is finally dismissed, and a stay of execution finally dissolved, respondent will be at liberty both to prepare to carry out the sentence, and actually to carry it out, in accordance with law. Until that time, the petitioner should not be subjected to the "preparations" that we have described.

Accordingly the motion to vacate the stay is denied, the decision of the District Court staying the execution of the sentence of death is affirmed, and respondent is hereby directed by this Court to return petitioner forthwith to his usual and customary cell on death row, and not to resume any preparations for his execution until further order of this Court, the Supreme Court, or a Justice thereof.

Let the mandate issue forthwith.

It is so ordered.

---

2. In addition to the motion to vacate the stay, respondent has also filed a notice of appeal, which has been docketed in this Court as No. 87–2008. The question appealed relates only to the propriety of the stay issued by the District Court. Assuming for present purposes that it was necessary for respondent to file a notice of appeal in order to get the question of vacating the stay before us, we affirm the District Court's order.